UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JL, A MINOR CHILD BY NEXT FRIENDS )<br>AMY AND CHRISTOPHER LAQUE, and )<br>AMY AND CHRISTOPHER LAQUE, )<br>   )<br>   Plaintiffs, )<br>   )<br>vs.   ) | 1:07-cv-753-JDT-JMS |
| )<br>   )<br>LOWE'S HOME CENTERS, INC. and ABC )<br>MAINTENANCE COMPANY, )<br>   )<br>   Defendants. ) | |

**ENTRY ON OBJECTION TO REMOVAL AND MOTION FOR REMAND (DOC. NO. 9)**[1]

This action was commenced in Indiana state court on March 15, 2007. On June 13, 2007, Defendant Lowe's Home Centers, Inc. ("Lowe's") filed its Notice of Removal, removing this action on the basis of diversity jurisdiction. It is undisputed that the amount in controversy meets the jurisdictional threshold. Thus, the only issue is whether complete diversity of citizenship exists.

The Plaintiffs named as a defendant "ABC MAINTENANCE COMPANY" ("ABC"). They have asserted their belief that ABC "is a domestic corporation and/or unincorporated Indiana business entity." (Resp. ¶ 6.) While Lowe's, as the party seeking to invoke the court's jurisdiction bears the burden of establishing complete diversity and the amount in controversy, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

(7th Cir. 2000), "naming a John Doe defendant will not defeat the named defendants' right to remove a diversity case if their citizenship is diverse from that of the plaintiffs." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (citing 28 U.S.C. § 1441(a)); *see Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Indeed, the removal statute says, "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). It seems that ABC is a mere "John Doe" defendant. Therefore, ABC's citizenship will not defeat Lowe's right to remove – provided it has such a right.

That brings the court to the question of the citizenship of the Plaintiffs and Lowe's. The Complaint alleges that at all times relevant the Plaintiffs were residents of Marion County, Indianapolis, Indiana. Lowe's Notice of Removal states that it was not and is not a citizen of Indiana, but instead, is a corporation organized and existing under the laws of North Carolina, with its principal place of business in North Carolina. So these parties are diverse, right? Not necessarily. Allegations of residency are not allegations of citizenship, *see Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998), and the court's exercise of diversity jurisdiction depends on the parties' citizenship, *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Lowe's has not offered anything to show Plaintiffs' citizenship. Though Plaintiffs object to removal, they have not argued that they are anything other than citizens of Indiana. So it would seem that they are citizens of Indiana.

The court defers ruling on the Objection to the Notice of Removal and Motion for Remand and **ALLOWS** Lowe's to and including **November 27, 2007**, within which to show the existence of diversity of citizenship.

ALL OF WHICH IS ENTERED this 6th day of November 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Jane Magnus-Stinson

Robert Eugene Feagley II
Lee Cossell Kuehn & Love LLP
bfeagley@nleelaw.com

Yvonne Ferguson-Watkins
Ferguson-Watkins & Associates
fwalaw@aol.com

Jennifer Marie Herrmann
Kightlinger & Gray
jherrmann@k-glaw.com

Nathaniel Lee
Lee Cossell Kuehn & Love LLP
nlee@nleelaw.com

D. Bryce Zoeller
Kightlinger & Gray
bzoeller@k-glaw.com