UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JL, A MINOR CHILD BY NEXT FRIENDS ) | | |
| AMY AND CHRISTOPHER LAQUE, and ) | | |
| AMY AND CHRISTOPHER LAQUE, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | 1:07-cv-753-JDT-JMS | |
| ) | | |
| ) | | |
| LOWE'S HOME CENTERS, INC. and ABC ) | | |
| MAINTENANCE COMPANY, ) | | |
| ) | | |
| Defendants. ) | | |

**ENTRY ON MOTION TO REMAND (DOC. NO. 9)**[1]

This action was commenced in Indiana state court on March 15, 2007. On June 13, 2007, Defendant Lowe's Home Centers, Inc. ("Lowe's") removed this action on the basis of diversity jurisdiction. It is undisputed that the amount in controversy meets the jurisdictional threshold. The only issue for decision at this point is whether complete diversity of citizenship exists.

In an Entry dated November 6, 2007, the court stated that the citizenship of Defendant ABC MAINTENANCE COMPANY would not defeat Lowe's right, if any, to remove this action from state court because ABC was merely a "John Doe" defendant.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

*See Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 218 (7th Cir. 1997) (citing 28 U.S.C. § 1441(a)).  Whether Lowe's had a right to remove depends on the citizenship of the Plaintiffs and Lowe's.  The Complaint alleged the Plaintiffs' residency in Indiana, not their citizenship.  The Notice of Removal alleges that Lowe's is not a citizen of Indiana, and is a corporation organized and existing under the laws of North Carolina and has its principal place of business in North Carolina.

Lowe's Notice to the Court of Diversity of Citizenship asserts that the Plaintiffs are citizens of Indiana.  The Notice cites for support to Plaintiffs' answer to Interrogatory No. 1, which states that their home addresses are in Indiana.  Lowe's also filed the affidavit of Paul Blaufuss, Lowe's Manager of Liability & Property Claims, which states that Lowe's is incorporated under the laws of North Carolina and has its principal place of business in North Carolina.  Thus, Lowe's has shown the existence of complete diversity of citizenship.  *See Pastor v. State Farm Mut. Auto. Ins. Co.*, 487 F.3d 1042, 1047 (7th Cir. 2007) (stating that for purposes of diversity jurisdiction a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located); *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (indicating that citizenship for diversity purposes is domicile).  The amount in controversy meets the jurisdictional threshold.  Therefore, the court may exercise diversity jurisdiction and this action could be removed under 28 U.S.C. §§ 1441, 1446.

Accordingly, and for the reasons stated in the November 6, 2007, Entry, Plaintiffs' Objection to Notice of Removal and Request for Remand (Doc. No. 9) is **DENIED**.

ALL OF WHICH IS ENTERED this 12th day of December 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Jane Magnus-Stinson

Robert Eugene Feagley II
Lee Cossell Kuehn & Love LLP
bfeagley@nleelaw.com

Yvonne Ferguson-Watkins
Ferguson-Watkins & Associates
fwalaw@aol.com

Jennifer Marie Herrmann
Kightlinger & Gray
jherrmann@k-glaw.com

Nathaniel Lee
Lee Cossell Kuehn & Love LLP
nlee@nleelaw.com

D. Bryce Zoeller
Kightlinger & Gray
bzoeller@k-glaw.com